**Arnold AGUILAR, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 3:97CV768 (WWE).

United States District Court,
D. Connecticut.

June 4, 1998.

Arnold Aguilar, pro se.

## *RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION*

EGINTON, Senior District Judge.

Plaintiff Arnold Aguilar moves, *pro se* and absent objection, for reconsideration of the court's March 16, 1998 Ruling on Plaintiff's Motion for Return of Property. Pursuant to Fed.R.Civ.P. 60(b) and Local Rule 9(e), the instant motion will be granted and the court's March 16, 1998 ruling will be vacated in part.

On March 16, 1998, the court found that the government had employed means reasonably calculated to notify plaintiff of an administrative forfeiture proceeding when, in addition to publishing a notice of seizure in the *USA Today*, it sent notices of seizure via certified mail and return receipt requested to plaintiff's numerous known addresses, including his prison address. The court relied in part on *Hong v. United States*, 920 F.Supp. 311, 316 (E.D.N.Y.1996), which stated that in instances in which the government has employed means reasonably calculated to notify a prisoner-owner of forfeiture proceedings, the prisoner-owner's due process rights may be satisfied even if the prisoner-owner never personally received notice.

Less than two weeks before this court decided plaintiff's Motion for Return of Property, however, the Second Circuit articulated a stricter standard with regard to a prisoner-owner's right to personally receive notice of administrative forfeiture of his or her property. In a case nearly identical to the present action, the Second Circuit held that in instances in which a federal agency seeks administrative forfeiture of property belonging to a prisoner who is in federal custody on the very charges giving rise to the forfeiture, notice is not adequate unless it is in fact delivered to the prisoner. *Weng v. United States of America*, 137 F.3d 709, 715 (2d Cir.1998).

Plaintiff asserts that he never personally received notice of forfeiture of his property, disputing this court's March 16, 1998 finding that plaintiff failed to allege that he never actually received notice. Plaintiff argues that the following statements constitute a declaration that he never received notice: "in this particular case the government provided inadequate notice of forfeiture," and "there was not any government intent to notify Arnold Aguilar, the forfeiture of his $2,386.00 in U.S. currency." Liberally construing plaintiff's *pro se* submissions, the court finds upon reconsideration that plaintiff has sufficiently alleged that he never personally received notice of forfeiture. Moreover, the government, having failed to respond to the instant motion, has proffered no evidence

indicating that plaintiff personally received notice of the forfeiture as required by *Weng*.

Because the court finds that under the newly articulated *Weng* standard, a question of fact exists as to whether plaintiff received adequate notice of the administrative forfeiture of his 1987 Plymouth Voyager and $2,386.00 in U.S. currency, the court hereby GRANTS plaintiff's motion for reconsideration. In addition, the court hereby VACATES its March 16, 1998 ruling insofar as that ruling held that plaintiff received adequate notice of forfeiture as a matter of law. The March 16, 1998 order regarding the return of plaintiff's passport and other identification documents remains in effect. The parties will be notified of a date for a status conference before the undersigned. Thereafter, the court will schedule a date for an evidentiary hearing.